ELLIOT GIPSON PC
ELLIOT B. GIPSON (State Bar. No. 234020)
EGipson@elliotgipson.com
15260 Ventura Blvd., Ste. 835
Los Angeles, California 91403
Telephone: (310) 817-1268

Attorney for Defendant
Create Music Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINQ MUSIC GROUP, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CREATE MUSIC GROUP, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (COPYRIGHT) BY DEFENDANT CREATE MUSIC GROUP, INC.**<br><br>[Filed concurrently with Civil Cover Sheet, Notice of Interested Parties, and Corporate Disclosure Statement]<br><br>Complaint Filed: September 12, 2022 |

**DEFENDANT'S NOTICE OF REMOVAL**
- 1 -

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1454, Defendant Create Music Group, hereby removes this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22STCV29711, to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action under 28 U.S.C § 1454 on the grounds that the Superior Court complaint seeks adjudication of a copyright dispute solely arising under federal law, 28 U.S.C. § 1454(a).

In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal. Essentially, Plaintiff contends that it has the exclusive distribution rights to Swell's song "I am Sorry" featuring Shiloh Dynasty's song "That's What She Said" on YouTube and various platforms, regardless of whether it is embodied as a sound recording or synchronized with motion pictures and publicly performed or publicly displayed. Complaint at ¶¶ 9-12. Defendant contends that Plaintiff has no right to utilize "That's What She Said" in connection with motion pictures. Complaint at ¶ 15. Although Plaintiff attempts to purposefully sidestep overtly claiming exclusive rights as a copyright owner in the Complaint in order file in state court, the very nature of Plaintiff's allegations are synonymous with the exclusive rights of a copyright owner regardless of how stated or how artfully pled and are therefore preempted and subject to removal to federal court.

## BACKGROUND

On January 17, 2017, Shiloh Dynasty entered into a non-exclusive license with Swell LLC for the licensing of "That's What She Said," granting the artist Swell the ability to sample "That's What She Said" (the "Sample") in its sound recording entitled "I am Sorry" (the "Non-Exclusive License"). A true and correct

copy of a redacted version of the Non-Exclusive License is attached hereto as **Exhibit A**. This licensing agreement allowed Swell to sample "That's What She Said" and granted Swell the right to reproduce and distribute the Sample as part of "I'm Sorry" in sound-only record formats. To the extent that the licensing agreement allowed Swell to use the Sample in audio-visual format, the agreement limited this use to "promotional videos used in connection with the marketing and advertising of ["I'm Sorry"], provided that such videos [were] not commercially exploited." Exhibit A at § 2.  Plaintiff Cinq Music Group, LLC ("Plaintiff") is the exclusive distributor of Swell's music. *See* Complaint ¶ 9.

Defendant Create Music Group ("Defendant") is a music distribution and publishing company. On January 4, 2021, Defendant entered into an Exclusive License and Administration Agreement with Artist Shiloh Dynasty ("Artist") for ownership and control of certain compositions and masters created by Artist (the "Exclusive License"). A true and correct copy of a redacted version of the Exclusive license is attached as **Exhibit B**.  This Agreement allows Defendant, among other things, to enforce all copyrights and rights related therein to the Compositions. "That's What She Said" is a composition included in this Exclusive License, though in the Exclusive License it is mistakenly referred to as "I'm Sorry", which is the name of the song which samples "That's What She Said." *See* Exhibit B.

Plaintiff claims that Defendant has interfered "with Plaintiff's ability to monetize the music of its artist Swell." Complaint at ¶ 15.

The version of "I'm Sorry" containing the Sample has been uploaded to YouTube, synchronized with video images, and monetized without Artist's or Defendant's consent. *See* Complaint at ¶ 7 ("Plaintiff generates revenues form the displays of this content on YouTube, which revenue it splits with the particular artist pursuant to the agreement between Plaintiff and that artist.")  As mentioned,

Defendant's administrative rights allow Defendant to police the usage and exploitation of Artist's musical compositions. Plaintiff has alleged that Defendant has wrongfully notified YouTube of the unauthorized usage of the Sample while claiming that it has an exclusive agreement with its own artist Swell, "meaning that only Plaintiff and no other third party has the right to exploit Swell's music on YouTube, amongst other platforms." Complaint at ¶ 9.

## GROUNDS FOR REMOVAL

At its heart, and as recognized in Plaintiff's own complaint, this action is a conflict regarding the scope and exclusivity of two parties' competing claims of copyright ownership regarding the songs "I am Sorry" and "That's What She Said." In its simplest terms, Plaintiff claims the exclusive right to distribute, publicly perform and publicly display the song "I am Sorry" by Swell, which incorporates the separate work "That's What She Said" by Dynasty Shiloh. Defendant denies that Plaintiff has the right to publicly perform or display "That's What She Said" as embodied in motion pictures as uploaded on YouTube. As set forth below, this Court has exclusive subject matter jurisdiction. 28 U.S.C. § 1331 ("the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1454 ("A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.").

I. **The Superior Court Action Arises Under Federal Copyright Law**

Generally, in order to determine whether a claim arises under federal law, the court will "examine the "well pleaded" allegations of the complaint and ignore potential defenses[.]" *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). In other words, the courts use a measure of deference when interpreting Plaintiff's

claims. However, "there exists an independent corollary to the well-pleaded complaint rule . . . known as the complete pre-emption doctrine." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1120 (N.D. Cal. 2001) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)) (internal quotations omitted). Under the complete preemption doctrine, "the presence of a preemption defense under that statute converts 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Firoozye*, 153 F. Supp. 2d at 1120 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). When the complete preemption doctrine is applicable, a district court does possess subject matter jurisdiction over a complaint that has been removed, "even where the federal question only arises in the context of a preemption defense." *Id.* "When presented with a removed complaint involving a defense under a statute that completely preempts state law, the court must decide whether any of the plaintiff's state-law claims are in fact preempted by the federal statute." *Id*.

It has been well-established that "the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule." *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 232-33 (4th Cir. 1993); see also *Worth v. Univ. Pictures, Inc.*, 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997) ("Complete preemption has been found for claims brought under the Copyright Act.").

The Copyright Act "describes in § 301 the extent to which the Act preempts state law causes of action based on copyright." *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1238 (C.D. Cal. 1987). 17 U.S.C. § 301 (a) states:

(a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section by section 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

"Pursuant to § 301(a), preemption exists if: 1) the state right is "within the subject matter of copyright" as defined in the Act; and 2) the state right is 'equivalent' to any exclusive rights of a federal copyright." *Motown Record Corp.*, 657 F. Supp. at 1238; *see also Firoozye*, 153 F. Supp. 2d at 1123-24 ("A plaintiff's state-law cause of action is preempted under 17 U.S.C. section 301(a) if: (1) the work involved falls within the general subject matter of the Copyright Act as specified by sections 102 and 103; and (2) the rights that the plaintiff asserts under state law are equivalent to those protected by the Act in section 106 in works of authorship that are fixed in a tangible medium of expression.").Further, this Court has held when exclusive rights granted to a copyright holder are at issue, claims regarding intentional and negligent interference with prospective business advantage are preempted by the Copyright Act. *See id.* at 1240; *Worth*, 5 F. Supp. at 822.

In this case, the Copyright Act completely preempts the Plaintiff's state law causes of action as pled, as Plaintiff's claims seek to override Artist's and Defendant's exclusive rights to the musical composition "That's What She Said." *See Firoozye*, 153 F. Supp. 2d at 1121. In its complaint Plaintiff alleges:

15. Defendant has been put on notice multiple times that the track in question does not infringe on its artist's copyright, as there is an agreement

in place between the artists for the clearance of the sample use in Swell's song…

16. Despite this, Defendant has failed and refused to remove these copyright strikes, which have been improperly placed, and is thus impeding and interfering with Plaintiff's ability to monetize the music of its artist Swell…

21. Defendant's conduct in issuing false copyright strikes against Swell's I am Sorry track on YouTube has prevented Plaintiff's performance under the Agreement, as the very purpose of the Agreement is for Plaintiff to upload and monetize Swell's music on YouTube and other platforms.

Complaint at ¶¶ 15-16. Plaintiff seeks to override Artist's and Defendant's exclusive rights to distribute and reproduce the Composition, *see* 17 U.S.C. § 106. 17 U.S.C. § 201 (d)(1)-(2). If the Court granted Plaintiff's prayer for relief, the Court would have to find that: i) Plaintiff's has exclusive rights to the song "I am Sorry" featuring "That's What She Said" on YouTube and ii) Plaintiff did not infringe on Artist's and Defendant's exclusive rights under 17 U.S.C. § 106. Both of these issues implicate the Copyright Act on its face and are contained on the face of the allegations of the Complaint. Complaint at ¶¶ 6-16.

Plaintiff's complaint clearly implicates several copyrighted works on its face:

1) musical works, including any accompanying words of "I am Sorry" and "That's What She Said")((17 U.S.C. § 102 (a)(2));

2) motion pictures and other audio-visual works in the form of the content featuring "I am Sorry" and "That's What She Said") displayed on YouTube (17 U.S.C. § 102 (a)(6)); and

3) sound recordings for "I am Sorry" and "That's What She Said" (17 U.S.C. § 102 (a)(7).

*Generally*, Complaint at ¶¶6-16.

Plaintiff's complaint also clearly implicates several exclusive rights under the Copyright Act on its face, including:

- public performance of "I am Sorry" and "That's What She Said" as a musical and motion picture and audiovisual work (17 U.S. Code § 106(4)):
- public display of the musical work of "I am Sorry" and "That's What She Said" (17 U.S. Code § 106(5)); and
- performing sound recordings of "I am Sorry" and "That's What She Said" by means of digital audio transmission (17 U.S. Code § 106(6))

*Generally*, Complaint at ¶¶6-16.

In conclusion, in order to determine the validity of Plaintiff's allegations, the Court will necessarily have to parse the conflicting copyright claims between Plaintiff and Defendant which are apparent on the face of the Complaint. *E.g.*, Complaint at ¶ 15 ("Defendant has been put on notice multiple times that the track in question does not infringe its artist's copyright…"). Therefore, because Plaintiff's causes of action implicate the Copyright Act, this case is properly removable pursuant to 28 U.S.C. §§ 1331, 1338, and 1454.

## II. Prerequisites of Removal Are Satisfied.

The Notice of removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading . . . to file the notice of removal." 28 U.S.C. § 1446 (b)(2)(B). The Superior Court Complaint was filed on September 12, 2022 and allegedly served pursuant to substitute service on September 15, 2022. As Create Music Group is the only named defendant, no other party need consent to the filing of this Notice of Removal. *See id*.

This action is properly removed to the United States District Court for the Central District of California, which is the district "embracing the place where [the] action is pending" as Los Angeles County is indisputably within the Central District of California.  28 U.S.C. § 1441(a); see also 28 U.S.C. § 84(c) (listing the counties within the Central District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this Notice of Removal. Attached hereto as **Exhibit C** is a true and correct conformed copy of the Summons, Pleadings, and Proof of Service of the Superior Court Action, which were served on Create Music Group, Inc.

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit D**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

DATED: October 14, 2022          ELLIOT GIPSON PC

  /s/ Elliot B. Gipson
ELLIOT B. GIPSON

Attorney for Defendant
CREATE MUSIC GROUP, INC.

**DEFENDANT'S NOTICE OF REMOVAL**
- 9 -