

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-07505-JLS-MAR | Date: January 31, 2023 |
| Title:  Cinq Music Group, LLC v. Create Music Group, Inc. et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 13)**

   Before the Court is Defendant Create Music Group, Inc.'s ("Create Music") Motion to Dismiss.  (Mot., Doc. 13; Mem., Doc. 13-1.)  Plaintiff Cinq Music Group ("Cinq Music") opposed and Create Music replied.  (Opp., Doc. 14; Reply, Doc. 16.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for February 3, 2023 at 10:30 a.m. is VACATED.  For the following reasons, the Court GRANTS Create Music's Motion.

**I.     BACKGROUND**

   The facts are drawn from Cinq Music's Complaint.  (*See* Compl., Doc. 1-3.)  Cinq Music is a record label, music distribution company, and rights management company that enters into agreements with musical artists that allow Cinq Music to exploit and monetize their music on various platforms, including YouTube.  (*Id.* ¶¶ 5-6.)  Cinq Music entered into a Distribution and License Agreement with the artist Swell.  (*Id.* ¶ 9.)  One of Swell's most popular songs is the track "I am Sorry," which samples the song "That's What She Said" by the artist Shiloh Dynasty.  (*Id.* ¶ 10.)  Swell has the right to use the sample in his song under a License and Release agreement that Swell and Shiloh Dynasty entered into in January 2017.  (*Id.* ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-07505-JLS-MAR | Date: January 31, 2023 |
| Title: Cinq Music Group, LLC v. Create Music Group, Inc. et al | |

Defendant Create Music is a record label that works with the artist Shiloh Dynasty. (*Id.* ¶ 13.) Cinq Music alleges that since June 2020, Create Music, by and through its employees, has been continuously issuing copyright infringement notices against the track "I am Sorry" on YouTube, falsely claiming that there is an ownership conflict with regards to the sound recording. (*Id.* ¶ 14.) These notices have prevented Cinq Music from generating and collecting revenues on this track. (*Id.*) Create Music has been notified multiple times that the track does not infringe the copyright, and has been informed about Cinq Music's business relationship with Swell, but has not removed the copyright strikes. (*Id.* ¶¶ 15-16.)

On September 12, 2022, Cinq Music filed a Complaint in Los Angeles County Superior Court bringing claims for intentional interference with contractual relations, intentional interference with prospective economic relations, and negligent interference with prospective economic relations. (*Id.* ¶¶ 18-39.) Create Music removed the action to this Court on October 14, 2022, asserting federal question jurisdiction. (Notice, Doc. 1.) Create Music now moves to dismiss all of Cinq Music's claims.

## II. LEGAL STANDARDS

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must construe the facts in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07505-JLS-MAR                                                   Date: January 31, 2023
Title:  Cinq Music Group, LLC v. Create Music Group, Inc. et al

above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III.  ANALYSIS

Create Music argues that all of Cinq Music's claims are preempted, under both the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 and the Copyright Act, 17 U.S.C. § 106.  Cinq Music argues that its claims are state law claims that do not fall within the purview of federal copyright law and do not arise from federal copyright law.  Because the Court finds that the DMCA preempts Cinq Music's claims, it does not address Create Music's argument that the Copyright Act also preempts its claims.

The DMCA "permits service providers, e.g., YouTube or Google, to avoid copyright infringement liability for storing users' content if—among other requirements—the service provider 'expeditiously' removes or disables access to the content after receiving notification from a copyright holder that the content is infringing."  *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016) (quoting 17 U.S.C. § 512(c)).  It sets forth the requirement for such "takedown notices," which include "identification of the copyrighted work, identification of the allegedly infringing material, and, critically, a statement that the copyright holder believes in good faith the infringing material 'is not authorized by the copyright owner, its agent, or the law.'"  *Id.* (quoting 17 U.S.C. § 512(c)(3)(a)).  Section 512(f) of the DMCA states that:

> Any person who knowingly materially misrepresents under this section--
> (1) that material or activity is infringing, or
> (2) that material or activity was removed or disabled by mistake or misidentification,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-07505-JLS-MAR | Date: January 31, 2023 |
| Title:  Cinq Music Group, LLC v. Create Music Group, Inc. et al | |

> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f).

Where a federal statute does not expressly preempt state law, implied preemption may be found where there is field preemption, which is "where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation," or conflict preemption, which is where "compliance with both federal and state regulations is a physical impossibility"  or where "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 713 (1985) (quotations omitted).  The DMCA does not expressly preempt state law, so the Court must determine whether it impliedly does so.

Courts in the Ninth Circuit have regularly held that the DMCA preempts state law claims arising out of submission of takedown notices.  *See Stardock Sys., Inc. v. Reiche*, No. 17-07025, 2019 WL 8333514, at *4 (N.D. Cal. May 14, 2019); *Complex Media, Inc. v. X17, Inc.*, No. 18-07588, 2019 WL 2896117, at *5 (C.D. Cal. Mar. 4, 2019); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. 10-05696, 2011 WL 2690437, at *3-5 (N.D. Cal. July 8, 2011); *Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1206 (N.D. Cal. 2004).  Courts have found both conflict preemption and field preemption. *Compare Diebold*, 337 F. Supp. 2d at 1206 ("If adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability, there is an irreconcilable conflict between state and federal law"), *with Stevens v. Vodka & Milk, LLC*, No. 17-8603, 2018 WL 11222927, at *2 (S.D.N.Y. Mar. 15, 2018) ("The pervasive nature of the DMCA, including an express remedy for the very wrong that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07505-JLS-MAR                              Date: January 31, 2023

Title:  Cinq Music Group, LLC v. Create Music Group, Inc. et al

counterclaimants here allege, makes reasonable the inference that Congress left no room for the States to supplement the remedies outlined in the DMCA" (cleaned up)).  The Court finds that field preemption applies, and thus does not address whether conflict preemption is also present.  As explained in *Stevens*, the DMCA is a "complex and comprehensive statutory regime that meticulously details the steps that providers must take to avoid liability and that copyright holders must take to enforce their rights." 2018 WL 11222927, at *2.  Moreover, "[f]ederal law's near total occupation of the field of copyright law further supports an inference that the federal interest in creating remedies to ensure compliance with the DMCA is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Id.* at *3 (quotations omitted).

      Cinq Music does not address Create Music's DMCA preemption arguments except to call them "red herrings" because "Plaintiff does not raise the DMCA in its Complaint, is not seeking relief under or in connection with the DMCA, is not asserting a violation of the DMCA, and thus, copyright laws are not implicated here."  (Opp. at 4.)  However, Cinq Music does not dispute that all of its claims are based on allegedly improper takedown notices made by Create Music.  (*See* Compl. ¶¶ 14-17.)  And those takedown notices are covered by the DMCA.  Accordingly, Cinq Music's only remedy is that specified in section 512(f); the state law causes of action for intentional interference with contractual relations and intentional and negligent interference with prospective economic relations that Cinq Music brings are preempted.

      Because Cinq Music's claims are preempted, amendment would be futile, and all of its claims are dismissed with prejudice.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment" (quotations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07505-JLS-MAR                               Date: January 31, 2023
Title:  Cinq Music Group, LLC v. Create Music Group, Inc. et al

### IV.     CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and the case is dismissed in entirety with prejudice.  Defendant is ordered to file a proposed judgment within seven (7) days of the issuance of this Order.

Initials of Deputy Clerk:  vrv