ELLIOT GIPSON PC
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@elliotgipson.com
BRIANNA N. LOGAN (State Bar No. 347947)
BLogan@elliotgipson.com
15260 Ventura Blvd., Suite 835
Los Angeles, California 91403
Telephone: 310.817.1268

Attorneys for Defendant
Create Music Group, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINQ MUSIC GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CREATE MUSIC GROUP, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:22-CV-07505<br><br>**DEFENDANT CREATE MUSIC GROUP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505**<br><br>Judge: Hon. Josephine L. Staton<br>Courtroom: 8A<br><br>Action Filed: September 12, 2022<br><br>Hearing Date: April 28, 2023<br>Hearing Time: 10:30 AM |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to L.R. 7-3, this motion is made following the conference of counsel which took place telephonically on February 23, 2023.

**PLEASE TAKE NOTICE** that pursuant to Judge Josephine L. Staton's Court Procedures, this motion is calendared for April 28, 2023, at 10:30 AM. Defendant Create Music Group, Inc. ("Defendant") will, and hereby does, move for an award of its attorneys' fees and costs in the amount of $58,171.50 as the prevailing party pursuant to Fed. R. Civ. P. 54, Local Rule 54-1, and 17 U.S.C. § 505.

Defendant should be awarded its fees and costs in this action because a number of the factors considered by the Ninth Circuit in determining whether to award fees, weigh heavily in favor of Defendant. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). The court is not limited to consideration of these factors, nor are exceptional circumstances a prerequisite to an award of attorneys' fees – "district courts may freely award fees as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Id*. at 558-59; *see also Wild v. NBC Universal*, No. CV103615GAFAJWX, 2011 WL 12877031, at *1 (C.D. Cal. July 18, 2011) ("While all of these factors can be considered, they 'need not all be met,' and 'attorney's fee awards to prevailing defendants are within the district court's discretion if they further the purposes of the Copyright Act and are evenhandedly applied.'") (citation omitted).

Defendant is the prevailing party under Fed. R. Civ. P. 54, Local Rule 54-1 and 17 U.S.C. § 505. Under Local Rule 54-1, the prevailing party "entitled to costs under F. R. Civ. P. 54(d) is the party in whose favor judgment is entered, unless otherwise determined by the Court. When a case is dismissed or otherwise terminated voluntarily, the Court may, upon request, determine the prevailing party." L.R. 54-1. Further, under the Copyright Act, a court in its discretion may "award a reasonable attorneys' fee to

the prevailing party as part of the costs." 17 U.S.C. § 505. An award of attorney's fees is proper when either a successful prosecution or successful defense of an action furthers the purposes of the Copyright Act. *See Fogerty v. Fantasy Inc.*, 510 U.S. 517, 527 (1994). Defendant defeated all three of Plaintiff's causes of action "in one fell swoop[,]" successfully arguing that each claim necessitated dismissal with prejudice. *Nat'l Ctr. for Jewish Film v. Riverside Films LLC*, 5:12-CV-44-ODW DTBX, 2012 WL 6565893, *1 (C.D. Cal. Dec. 14, 2012). Because Defendant succeeding in dismissing all of Plaintiff's claims with prejudice, the Court may determine that Defendant is the prevailing party under L.R. 54-1 and Section 505 of the Copyright Act.

Under the reasonableness factor, Defendant should be compensated for being forced to defend a suit that was factually and legally weak from the outset. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n. 18 (1994) (stating that a purpose in granting a fee award to defendants is prevention of unreasonable suits.). Plaintiff's state law claims were objectively unreasonable from a legal perspective because Plaintiff continued to pursue state law claims that were inarguably preempted as pled, as each of its claims were based on allegedly improper copyright strike notices issued by Create Music Group. Improper use of copyright strike notices falls expressly under the purview of the DMCA, 17 U.S.C. § 512 (f). Plaintiff proceeded to litigate its claims despite being put on notice that its claims were explicitly preempted.

Under the compensation and deterrence factors, Defendant should be compensated for its willingness to litigate its meritorious copyright defense which furthers the purposes of the Copyright Act, rather than settle a nuisance case to avoid litigation costs. "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (quoting

*Fogerty*, 510 U.S. at 526-27) (alteration in original). The overall goals of the Copyright Act are served by a fee award in these circumstances as it recompenses Defendant for defending against Plaintiff's groundless action, and this encourages artists and others to continue producing works without fear of being dragged into Court to defend against baseless claims. *See Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 654 (9th Cir. 2020) ("Awarding Defendants their attorneys' fees insures that they are properly compensated for defending against overreaching claims of copyright infringement . . . ."). An award of fees will deter similarly situated plaintiffs who feel that they can target perceived deep-pocket defendants with unmeritorious claims.

Furthermore, Defendant's attorneys' fees are reasonable. Defendant's lead counsel is highly experienced and presented a well-prepared and vigorous defense, securing total victory on each of Plaintiff's claims against Defendant. Defendant is entitled to its fees and costs spent litigating Plaintiff's claim, as each claim was wholly preempted by the DMCA, and, as pled, fall under the purview of the Copyright Act.

This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Elliot B. Gipson; the Declaration of Brianna Logan; the pleadings and orders of the Court in this action; any oral arguments of counsel; and upon any other evidence that the Court may consider or matters of which the Court may take judicial notice.

DATED: March 2, 2023

ELLIOT GIPSON PC
ELLIOT B. GIPSON
BRIANNA LOGAN

By ____/s/ Brianna Logan________________
BRIANNA LOGAN
Attorneys for Defendant Create Music Group, Inc.